IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| **CARRIE CRONK and JEFFERSON BARBOSA**, Individually, and on behalf other similarly situated current and former employees,<br><br>    Plaintiffs,<br><br>v.<br><br>**TRG CUSTOMER SOLUTIONS, INC., d/b/a IBEX GLOBAL SOLUTIONS,**<br><br>    Defendant. | NO. _____<br><br>**RULE 23 CLASS ACTION**<br>**FLSA COLLECTIVE ACTION**<br><br>**JURY DEMANDED** |

## CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Carrie Cronk and Jefferson Barbosa (herein collectively "Plaintiffs"). On behalf of themselves, individually, and on behalf of themselves and all others similarly situated, file this Class and Collective Action Complaint, averring as follows:

1. Plaintiffs Cronk and Barbosa bring this collective action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201. *et seq*. (FLSA ) on behalf of themselves, individually, and on behalf of themselves and all current and former similarly situated non-exempt "IBEX Call Center Workers" of TRG Customer Solutions, Inc., d/b/a IBEX Global Solutions  (collectively "Defendant") against Defendant. Plaintiffs seek to recover unpaid straight time, minimum wage and overtime compensation owed to them and all other similarly situated employees, who have worked at any of Defendant's call centers in the United States within the three (3) years preceding the filing of this action.

1

2. Plaintiffs, on behalf of themselves, individually, and on behalf of themselves and all other similarly situated employees, seek relief under the Fair Labor Standards Act, 29 U.S.C. §§ 201. *et seq.* (FLSA ) for, *inter alia*, liquidated damages, pre-judgment interest, costs and attorney's fees against Defendant.

3. Plaintiffs Cronk and Barbosa also assert claims for unjust enrichment and breach of contract under Tennessee law against Defendant under Rule 23 of the Federal Rules of Civil Procedure. Plaintiffs assert these claims for unpaid wage claims on behalf of themselves, individually, and on behalf of themselves and all members of the Tennessee Class as defined below.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.*, 29 U.S.C. § 216(b) and 28. U.S.C. § 1331.

5. This Court has supplemental jurisdiction over Plaintiffs state law breach of contract and unjust enrichment claims under 28 U.S.C. § 1367 because the state claims are so related to the FLSA claims that they form part of the same controversy.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiffs reside in this district, were hired and performed work for Defendant in this district and, Defendant has conducted business within this district during all relevant times. In addition, a substantial part of the events, actions, commissions, inactions and omissions giving rise to this action occurred within this district.

## PARTIES

7. Plaintiff Carrie Cronk is a Spring Hill, Tennessee resident. Plaintiff Cronk was formerly employed by Defendant as a non-exempt call center employee at its Spring Hill, Tennessee facility during all times relevant to this action. Plaintiff Cronk's Consent to Join this collective action is attached hereto as Exhibit A.

8. Plaintiff Jefferson Barbosa is a Columbia, Tennessee resident. Plaintiff Barbosa was formerly employed by Defendant as a non-exempt call center employee at its Spring Hill, Tennessee facility during all times relevant to this action. Plaintiff Barbosa's Consent to Join this collective action is attached hereto as Exhibit B.

9. Defendant TRG Customer Solutions, Inc. is a Delaware Corporation doing business in the state of Tennessee at all time relevant, with its principal office in Washington, D.C. Defendant's registered agent for service of process is Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203-1312.

10. IBEX Global Solution ("IBEX") is a trade name for TRG Customer Solutions, Inc.

## FACTUAL BASIS FOR SUIT

11. Defendant has operated some 18 call centers in five countries, including the United States, at all times relevant to this action. It is a privately held company that employs over 9000 customer service employees, to whom it refers as "IBEX Call Center Workers."

12. Plaintiffs Carrie Cronk and Jefferson Barbosa were employed by Defendant as non-exempt "IBEX Call Center Workers" at its call center facility in Spring, Hill, Tennessee during all times relevant to this action. The principal job duty of Plaintiffs and those similarly situated, nationwide, during such period was to operate Defendant's phones and

computers as a means to perform their customer service duties on behalf of Defendant's clients.

13. Defendant has had a centralized timekeeping system for the purpose of recording the work hours of its non-exempt call center employees during all times relevant.

14. Defendant has had a common plan, policy and practice of only paying its call center employees throughout the United States for work activities while they are logged into its call center phones.

15. Nonetheless, Defendant requires, forces, induces, expects, encourages, suffers and/or permits its call center employees, such as Plaintiffs and those similarly situated, to perform integral and indispensable job duties during times they are not logged into its phones (at all times relevant). Such work time not logged into Defendant's phones is not recorded into its centralized timekeeping system. Consequently, Plaintiffs and other similarly situated call center employees are not compensated for such "off-the-clock" work at the applicable straight time, minimum wage and overtime compensation rates of pay, as required by the FLSA and, by Tennessee law.

16. Accordingly, Plaintiffs and similarly situated call center employees throughout the United States have been required, forced, induced, expected, encouraged and, suffered or permitted, to perform integral and indispensable "off-the-clock" job duties when not logged into Defendant's phones at all times relevant, for which work time has not been recorded into the company's centralized timekeeping system and, for which work time they were not paid the applicable FLSA rates of pay, nor in accordance the with the terms of their compensation agreements with Defendants, *inter alia*, as follows:

    (a) Being required, forced, induced, expected, encouraged, suffered and/or permitted to perform integral and indispensable preliminary job duties at the beginning of their

4

scheduled shifts such as opening programs, applications and systems required for receiving calls, reviewing and responding to emails and, logging on to their assigned computers for their scheduled shift, before being able to log into their assigned phone, without such time being recorded into Defendant's timekeeping system and, without them being compensated for such "off-the-clock" work.

(b) Being required, forced, induced, expected, encouraged, suffered and/or permitted to "wait on company premises" at the beginning of their scheduled shift until one of Defendant's phones became available for their use, without such time being recorded into Defendant's timekeeping system and, without them being compensated for such "off-the-clock" work;

(c) Being required, forced, induced, expected, encouraged, suffered and/or permitted to perform job duties during the time the phone assigned to them is malfunctioning and/or inoperative, without such time being recorded into Defendant's timekeeping system and, without them being compensated for such "off-the-clock" work;

(d) Being required, forced, induced, expected, encouraged, suffered and/or permitted to enter customer data into their assigned computer (that could not be entered while logged into their assigned phone), without such time being recorded into Defendant's timekeeping system and, without them being compensated for such "off-the-clock" work; and,

(e) Being required to perform integral and indispensable closing job duties at the end of their scheduled shift, such as closing out programs, applications and systems required for receiving customer calls and shutting down their computers at the end of their shifts after being logged out of their assigned phone, without such time being

recorded into TRG/IBEX's timekeeping system and, without them being compensated for such "off-the-clock" work.

17. As a result of Defendant's failure to compensate Plaintiffs and those similarly situated call center employees, nationwide, for "off-the-clock" work time described in paragraph 16 above, it has failed to compensate them at the applicable straight time, minimum wage and overtime compensation rates of pay for all such time, as required by the FLSA, as well as failed to compensate them in accordance with their compensation agreements with Defendant.

18. The "off-the-clock" work performed by Plaintiffs and class members, as described in paragraph 16 above, was necessary to carry out their integral and indispensable call center job duties and responsibilities.

19. Plaintiffs and class members were threatened with their job security if they refused or failed to perform the "off-the-clock" work job duties as described in paragraph 16 above.

20. Given that the "off-the-clock" work time described in paragraph 16 above, was not recorded into Defendant's timekeeping system, Defendant has failed to accurately record all hours worked by Plaintiffs and class members and keep proper time records of Plaintiffs and the class members, as required by the FLSA.

21. By Defendants' failure to record accurately the "off-the-clock" work time, as described in paragraph 16, above, during all relevant times herein, Plaintiffs and class members were not compensated for all such work at the applicable straight time, minimum wage and overtime compensation rates of pay as required by the FLSA, as well as were not compensated for all such hours in accordance with their compensation agreements with Defendant.

22. Defendant knew and was aware at all relevant times that it was not recording all of Plaintiffs and class members' "off-the-clock" work time, as described in paragraph 16, above.

23. Although Defendant knew and was aware that such "off-the-clock" time was not being recorded into the company's timekeeping system and, that Plaintiffs and class members were not paid for such "off-the-clock" work, Defendants failed to take any affirmative action to ensure they were paid for all such time.

24. Moreover, Defendant failed to provide Plaintiffs and class members with any viable or practical means or mechanisms to record their "off-the-clock" work time (as described in paragraph 16 above) into its timekeeping system by which they could to be compensated for such time at the applicable FLSA straight time, minimum wage and overtime rates of pay and, as well as compensated in accordance with their compensation agreements with Defendant.

25. Because of Defendant's common plan, policy and practice (of only compensating Plaintiffs and class members for the time they were logged into its phones) and its failure to pay them for their "off-the-clock" time, as described in paragraph 16, above, at the applicable straight time, minimum wage, and overtime compensation rates of pay, it has violated the FLSA and breached its compensation agreements with Plaintiffs and class members.

26. Defendant knew its common plans, policies and practices (schemes), noted above, would require its management and supervisory personnel to work Plaintiffs and class members "off-the-clock" as part of their required job duties.

27. As a result of Defendants' improper and willful failure to pay Plaintiffs and class members the applicable FLSA required compensation and, as well as its failure to pay

them in accordance with its compensation agreements, Plaintiffs and class members have suffered lost wages in terms of lost straight time, minimum wage and overtime compensation as well as other damages.

28. The net effect of Defendant's common plan, policy, and practice of not paying Plaintiffs and class members for all work performed, including all overtime work performed, was a scheme to save payroll cost and payroll taxes, all for which it has breached its contractual agreements with Plaintiffs and the class members and, for which it has unjustly enriched itself and enjoyed ill gained profits at the expense of Plaintiffs and class members.

## FLSA COLLECTIVE ACTION ALLEGATIONS

29. Plaintiffs bring this case as a collective action on behalf of themselves and other similarly situated individuals pursuant to 29 U.S.C. § 216(b) to recover unpaid straight wages, unpaid minimum wages, unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other damages against Defendant.

30. The proposed collective class of similarly situated persons is defined as:

> All current and/or former hourly-paid, FLSA non-exempt call center workers (including current and former IBEX employees who provided customer service and technical support), who routinely handled telephone calls to and from customers of IBEX clients, within the three years preceding the filing of this action at any of TRG Customer Solutions, Inc's (IBEX) call centers located in the United States.

31. Plaintiffs seek to pursue their unpaid "off-the-clock" wage claims, as hereinbefore described, against Defendant on behalf of themselves, individually, and on behalf of themselves and all class members.

32. Plaintiffs and class members are "similarly situated" as the term is defined in 29 U.S.C. § 216(b) because, *inter alia*, Defendant employed a centralized timekeeping system

8

nationwide that resulted in a failure to pay Plaintiffs and the class members for all hours worked, as mandated by the FLSA.

33. Moreover, this action is properly maintained as a FLSA collective action because Plaintiffs are similarly situated to the members of the collective class with respect to Defendants' timekeeping, payroll and operational plans, policies and practices. Plaintiffs and the collective class were subjected to Defendant's aforementioned centralized and uniform plans, policies and practices of encouraging, suffering or permitting, expecting and/or requiring its management team to work Plaintiffs and those similarly situated "off the clock" before, during and after their scheduled shifts, as described in paragraph 16.

34. The collective action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for TRG/IBEX, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

35. Plaintiffs Cronk and Barbosa will fairly and adequately protect the interests of the class as their interests are in complete alignment with those of class members, i.e. to prove and then eradicate Defendants' unlawful compensation practices of failing to pay applicable straight time, minimum wage and overtime compensation rates of pay to its hourly-paid, FLSA non-exempt call center workers for performing "off-the-clock" work as described in paragraph 16.

36. Counsel for Plaintiffs will adequately protect the interests of Plaintiffs Cronk and Barbosa, as well as that of the class members.

37. Defendant has required, forced, induced, expected, encouraged and, suffered and permitted, Plaintiffs and the collective class to work "off-the-clock" within weekly pay periods during all times relevant without full compensation and; work more than forty (40) hours per week within weekly pay periods, at all times relevant, without being paid overtime compensation for such work, in violation of 29 U.S.C. § 207(a)(1) and 29 C.F.R. § 778.315.

38. Defendant knew Plaintiffs and the collective class performed work that required additional straight time, minimum wage and overtime compensation to be paid. Nonetheless, it operated under the aforementioned centralized and uniform plans, policies and practices (schemes) to deprive Plaintiffs and the collective class of such straight time, minimum wages and overtime compensation as required by the FLSA.

39. The "off-the-clock" claims of Plaintiffs and others similarly situated are unified by a common theory of statutory violations.

40. Defendant's conduct, as alleged herein, was willful and has caused significant damage to Plaintiffs and the collective class.

41. Defendants' conduct was not in good faith by its failure to compensate Plaintiffs and the class members for all hours worked at the FLSA applicable straight time minimum wage and overtime compensation rates of pay, as required by the FLSA.

42. Therefore, Defendant is liable to Plaintiffs and the class members under the FLSA for failing to properly compensate them for all hours worked within weekly pay periods during all relevant times herein.

43. Plaintiffs request this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid straight time, minimum

wages and overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

44. Plaintiffs estimate there are several thousand members of the collective class. The precise number of collective class members can be easily ascertained by using Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail and by posting notice in each of Defendant's call centers, nationwide.

45. Plaintiffs and class members' unpaid wage claims for the aforementioned "off-the-clock" work easily can be determined by an examination of Defendant's payroll, scheduling, timekeeping, personnel and other such work-related records and documents.

## RULE 23 CLASS ALLEGATIONS

**Tennessee Class:**

46. Plaintiffs Cronk and Barbosa bring this action on their own behalf, individually and, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and the following class of individuals:

> All current and former hourly-paid, non-exempt "IBEX Call Center Workers" at any and all call center facilities operated by TRG Customer Solutions, Inc., d/b/a IBEX Global Solutions, in the State of Tennessee, including but not limited to the Spring Hill, Tennessee IBEX call center, who at any time within six (6) years of the filing of this Complaint worked in positions in which they handled customer-related calls on behalf of IBEX's clients,

including current and former call center employees who provided technical and customer service support during such time.

47. Plaintiffs Cronk and Barbosa are members of the Tennessee class they seek to represent under Rule 23 of the Federal Rules of Civil Procedure in this action.

48. The Tennessee Class is sufficiently numerous that joinder of all members is impractical, thereby satisfying Federal Rule of Civil Procedure 23(a)(1). There are hundreds of class members during the class period.

49. All members of the class share the same pivotal questions of law and fact, thereby satisfying Federal Rule of Civil Procedure 23(a)(2). That is, all members of the Tennessee Class share the questions of: (1) whether and to what extent did Defendant fail to compensate them for all the hours they performed during the class period; (2) whether and to what extent such unpaid hours include hours worked over forty (40) within any weekly pay period of the class period; (3) whether and to what extent such hours over forty (40) within any weekly pay period of the class period were compensated at one and one-half times their regular hourly rate of pay; (4) whether Defendant's actions relating to the above constituted unjust enrichment; and, (5) whether Defendant's actions relating to the above constituted a breach of contract.

50. Plaintiffs Cronk and Barbosa's unpaid wage claims are typical of the claims of the Tennessee Class, thereby satisfying Federal Rule of Civil Procedure 23(a)(3). Defendants' failure to pay for all hours worked was not the result of any Plaintiff-specific circumstances. Instead, Defendants' failure to compensate class members for all hours worked arose from its common compensation and payroll policies and practices, which it

applied to Plaintiffs and other IBEX Call Center Workers at its call center facilities in the State of Tennessee during the class period.

51. Plaintiffs Cronk and Barbosa will fairly and adequately represent and protect the interests of the Tennessee Class. Further, they have retained competent legal counsel experienced in representing classes of employees against their employers related to their claims of unpaid wages under the law, thereby satisfying Federal Rule of Civil Procedure 23(a)(4).

52. By constantly and continuously failing to pay its hourly-paid, non-exempt call center employees, such as Plaintiffs and class members, for all hours worked during the class paid, Defendant created a scenario where questions of law and fact common to Tennessee class members predominate over any questions affecting individual members. Thus, a class action is superior to other available methods for fair and efficient adjudication of this matter. Consequently, Plaintiffs Cronk and Barbosa are entitled to pursue their Tennessee state law claims as a class action, pursuant to Federal Rule of Civil Procedure 23(b)(3).

## COUNT I

### (Violation of the Fair Labor Standards Act)

53. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

54. At all relative times, Plaintiffs and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. §§.201, *et seq*.

55. At all relevant times, Defendant has been an employer engaged in interstate commerce consistent with 29 U.S.C. §.206(a) and 207(a).

56. At all relevant times, Defendant employed Plaintiffs and each of the collective action class members consistent with the terms of the FLSA.

57. At all relevant times, Defendant was an "employer" under the FLSA.

58. At all relevant times, Plaintiffs and class members were employees of Defendant within the meaning of the FLSA's straight wage, minimum wage and overtime wage requirements.

59. Plaintiffs and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times.

60. As a result of Defendant's common pay practices of working Plaintiffs and class members "off-the-clock", as hereinbefore described, Plaintiffs and class members were not paid straight time, minimum wage and overtime compensation, as required by the FLSA.

61. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

62. Plaintiffs and class members' "off-the-clock" claims are unified through a common theory of FLSA violations.

63. Through its actions, plans, policies and practices, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiffs and similarly situated individuals for all actual hours worked, including all overtime hours worked.

64. The foregoing actions of Defendant violated the FLSA.

65. Defendant's actions were willful with reckless disregard of clearly applicable FLSA provisions.

66. Defendant's actions were not in good faith.

67. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiffs and similarly situated employees have suffered and will continue to suffer a loss of income and other damages.

68. Therefore, Defendant is liable to Plaintiffs and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## COUNT II

### (Tennessee Breach of Contract Claims)

69. All previous paragraphs are incorporated as though fully set forth herein.

70. Plaintiffs Cronk and Barbosa bring this claim on behalf of themselves, individually, and on behalf of all members of the Tennessee Class of which they are members.

71. Plaintiffs Cronk and Barbosa and, the Tennessee class members, entered into employment agreements with Defendants whereby they agreed to perform work for Defendant in exchange for being compensated for all hours worked as call center employees.

72. Plaintiffs Cronk and Barbosa and, the Tennessee class members, entered into employment agreements with Defendant whereby they agreed to perform work for Defendant in exchange for being paid periodic bonuses.

73. The agreements were made between parties capable of contracting and contained mutual obligations and valid consideration.

74. Plaintiffs Cronk and Barbosa and, members of the Tennessee Class, have performed all conditions precedent required of them under these agreements.

75. Defendant has refused and failed to perform its obligations in accordance with the terms and conditions of this agreement by failing to pay Plaintiffs and the Tennessee class members for all time worked on behalf of it.

76. Defendant's failure to pay Plaintiffs and members of the Tennessee class members all hours worked during all times relevant also constitutes a violation of the Tennessee Wage Regulation Act.

## COUNT III

### (Tennessee Unjust Enrichment Claims)

77. All previous paragraphs are incorporated as though fully set forth herein.

78. Plaintiffs Cronk and Barbosa bring this claim on behalf of themselves, individually, and on behalf of all members of the Tennessee Class (of which they are members) in the alternative to Counts I and II.

79. Under Tennessee law, Defendants' are obligated to pay Plaintiffs and the Tennessee class members for all time worked.

80. Plaintiffs and Tennessee members who performed "of-the-clock" work for Defendant during the relevant period, as hereinbefore described, but who worked less than forty (40) hour within weekly pay periods, conferred a benefit upon Defendant by working on its behalf without being provided compensation.

81. Because the FLSA only covers those employees who work more than forty (40) hours per week (other than for minimum wage violations), Plaintiffs and Tennessee class members who performed "off-the-clock" work, as hereinbefore described, but who worked less than forty (40) hours within weekly pay periods when employed by Defendant have no adequate remedy under the FLSA to be compensated for such work.

82. Defendant had an appreciation of knowledge of the benefit conferred upon it by Plaintiffs and the Tennessee class members.

83. Nonetheless, Defendant accepted and retained the benefit of Plaintiffs and class members' labor under such circumstances as to make it inequitable for it to retain the benefit without payment for its value.

84. Defendant has been unjustly enriched as a result of its accepting the work of Plaintiffs and the Tennessee Class without proper compensation for all time worked. Thus, it would be unjust to allow Defendant to enjoy the fruits of the labor of Plaintiffs and Tennessee class members without properly compensating them for such labor.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and class members requests the Court to enter judgment in their favor on this Complaint against Defendant and:

(a) Award Plaintiffs and similarly situated employees all statutory and common law damages against Defendant;

(b) Award Plaintiffs and similarly situated employees all unpaid wages, both overtime and non-overtime, against Defendant;

(c) Award Plaintiffs and similarly situated employees for an amount equal to Plaintiffs' and collective class action members' unpaid back wages, pursuant to the applicable wage and overtime rates;

(d) Find and declare that Defendant's violations of the FLSA were willful and, accordingly, the three-year statute of limitations under the FLSA applies to this action;

(e) Award Plaintiffs and members of the collective class liquidated damages in accordance with the FLSA;

(f) Award prejudgment interest (to the extent that liquidated damages are not awarded);

(g) Award Plaintiffs and the collective class reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

(h) Award pre and post-judgment interest and court costs as further allowed by law;

(i) Enter an Order designating this action as an Opt-In collective action Collective under the FLSA and actionable for breach of contract and unjust enrichment claims under the Tennessee common law;

(j) Enter an Order directing the issuance of notice pursuant to 29 U.S.C. § 216(b) for the federal and state claims of the class.

(k) Provide additional general and equitable relief to which Plaintiffs and the class may be entitled; and,

(l) Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury as to all issues.

Dated: February 15, 2017

Respectfully submitted,

s/ Gordon Jackson
Gordon E. Jackson (TN BPR #8323)
James L. Holt, JR. (TN BPR #12123)
J. Russ Bryant (TN BPR #33830)
Paula R. Jackson (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

**ATTORNEYS FOR PLAINTIFFS AND**

**ON BEHALF OF OTHERS SIMILARLY SITUATED**